ROMÁN FÉLIX, demandante y apelante, *v.* GUILLERMO ESTEVES, COMISIONADO DEL INTERIOR DEL GOBIERNO INSULAR DE PUERTO RICO, demandado y apelado.

No. 5088.—*Sometido:* Abril 22, 1930.—*Resuelto:* Enero 19, 1931.

*Luis Muñoz Morales,* abogado del apelante; *Procurador General James R. Beverley, Arturo Ortiz Toro* y *M. Rodríguez Serra,* Primero y Segundo *Subprocurador General Auxiliar,* respectivamente, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la corte de distrito de San Juan, formuló Román

Félix una demanda de *injunction,* contra Guillermo Esteves, Comisionado del Interior de Puerto Rico, alegando sustancialmente que es dueño de varios camiones automóviles, dedicados a la industria de trasportes en esta Isla, y entre ellos los que trabajan con las licencias y tablillas números H. P. 170 y 107, expedidas por el Departamento del Interior de Puerto Rico, y que, el referido Comisionado ordenó a la policía la incautación de las tablillas H. P. 170 y 107, que fueron entregadas por el demandante, quien cesó en la explotación de los camiones automóviles a que corresponden tales tablillas, sufriendo así un grave perjuicio; y que según su información, aquella medida se fundó en que esos camiones han llevado carga en exceso de la permitida por la ley de automóviles; que el Comisionado ha actuado con error y fuera de ley; y pidió una orden perentoria de *injunction* para que el Comisionado devuelva las tablillas, y se abstenga de librar órdenes para incautarse de tablillas, sin que medie la previa denuncia y condena por tribunal competente.

La corte dictó una orden para que el demandado Guillermo Esteves compareciera a mostrar causa por la que no se debiera dictar el auto de *injunction* solicitado. Así lo hizo el demandado, que formuló una excepción previa a la demanda, por no aducir ésta hechos suficientes para determinar causa, y además una exposición de razones por las que no procedía dictar el auto, y su contestación, en la que presenta alegaciones de hecho, y doce defensas especiales.

La corte oyó la prueba que las partes ofrecieron; y dictó una resolución denegando la expedición del auto preliminar; y contra esa orden se apela, asignándose por el apelante Román Félix dos errores en esta forma:

"1er. error: La corte de distrito cometió error al denegar el *injunction* solicitado bajo el fundamento de que el Comisionado del Interior puede incautarse de las tablillas de trucks y cancelar la licencia al peticionario prescindiendo del debido procedimiento legal.

"2do. error: La corte de distrito cometió error al denegar el *injunction* solicitado por el fundamento de que éste no es el proce-

dimiento adecuado para que el peticionario recobre del Comisionado del Interior las tablillas cuya incautación ordena.''

■■ En este caso hay un extremo que no debe quedar sin examen y resolución. Se ha alegado por el peticionario, que la privación de sus tablillas, que en realidad envuelve la cancelación de su permiso, es una ilegal privación de su propiedad, sin debido proceso de ley. Como con razón sostiene el apelado, la licencia para operar un automóvil no es una franquicia, sino un privilegio, que puede ser revocado mediante causa. Huddy on Automobiles, 4ta. edición 95.

La concesión de una licencia no establece una propiedad. Se concede con la implícita condición de sujetarse a los preceptos o mandatos de la ley. Y en cuanto a cuáles son esos preceptos, la Ley número 75 del año 1916, con sus enmiendas de 1921, 1925 y 1926, es clara. La sección o párrafo (*h*), artículo 3 de la ley (enmienda por Ley número 9, de 15 de julio de 1926) es, en su texto, como sigue:

"Artículo 3(h).—El Comisionado del Interior podrá suspender o cancelar la licencia, y ordenar que se ocupen las tablillas de cualquier vehículo de motor, destinado a servicio público, cuando solamente obtuvo licencia y tablilla para ser destinado a servicio privado; y podrá cancelar la licencia de cualquier vehículo de motor destinado a servicio público, cuando, a su juicio, el automóvil está traficando en condiciones tales que constituya una amenaza para la seguridad pública.''

■ Es verdad que en la ley existe un artículo que es el 18, enmendado por Ley número 9 de 15 de julio de 1926, que establece una penalidad para los que transporten en sus vehículos de motor más carga que la autorizada. Pero no hay conflicto entre la materia penal que en este artículo se fija, y la acción administrativa que en la letra H, artículo 3, se autoriza. Aquélla determina el castigo de la infracción; ésta autoriza la forma de evitar el perjuicio a los intereses del pueblo y a la seguridad pública, y de impedir que se realice el daño. La jurisdicción penal, y la administrativa, coexisten sin choque ni mutuo estorbo.

722

■ La prueba que se ofreció y practicó justifica completamente la resolución del juez. En concreto se probó que los camiones de la aquí apelante, con deplorable frecuencia, llevaban más carga que la autorizada por la ley y por la licencia, al extremo de que el *truck* 170, autorizado para llevar diez toneladas de peso bruto, llevaba en ocasiones un exceso de 57 quintales y también de 100 quintales; que sobrecargados así los camiones automóviles constituyen un verdadero peligro para el tránsito por las carreteras, porque tienen que utilizar mayor parte del firme de las mismas, obstaculizando el paso en ambos sentidos, y si se desvían puede originarse fácilmente un vuelco y ocasionarse un grave daño a los que estén próximos al camión, y que asimismo es difícil detener un camión sobrecargado cuando es necesario hacerlo, y que esta sobrecarga produce graves daños en los puentes y alcantarillas, habiéndose destruído algunos de los primeros por razón del constante paso de camiones sobrecargados. Las probabilidades de acierto se hallan en favor de la medida adoptada por el Comisionado del Interior en este caso. Y con tal balance de probabilidades y razones por una parte; por la constante recomendación de la jurisprudencia respecto a la cautela que debe presidir a la expedición de autos de *injunction* preliminar y finalmente por ser materia de discreción y no *ex debito justitiae* la concesión de esos autos, no debía esperarse otra solución que la de que aquí se apela.

*Debe confirmarse la resolución apelada.*